# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **KRISTY HICKS,** )<br>)<br>**PLAINTIFF,** )<br>)<br>v. )<br>)<br>**NATHAN LEWIS ANTHONY;** )<br>**USAA CASUALTY INSURANCE** )<br>**COMPANY; PROGRESSIVE** )<br>**CASUALTY INSURANCE** )<br>**COMPANY;** )<br>)<br>**DEFENDANTS.** ) | **CIVIL ACTION NUMBER:**<br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Comes now Plaintiff, Kristy Hicks, by and through undersigned counsel and for her complaint against the Defendants states as follows:

### JURISDICTION AND VENUE

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 (b) (2). The amount in controversy exceeds seventy-five thousand dollars ($75,000.00) exclusive of interest and costs. As a result of the incident made the basis of this lawsuit, Plaintiff has undergone two surgeries and has incurred substantial medical

expenses. Plaintiff seeks damages for permanent injury, emotional distress and pain and suffering in addition to her substantial medical bills.

## STATEMENT OF THE PARTIES

1. Plaintiff, Kristy Hicks, is over the age of nineteen (19) years and is a resident of DeKalb County, Alabama.

2. Defendant Nathan Lewis Anthony is, upon information and belief, over the age of nineteen (19) years and is a resident of Atlanta, Georgia.

3. Defendant USAA Casualty Insurance Company is a foreign corporation or other business entity organized under the laws of the State of Texas and that has a principal place of business in the State of Texas.

4. Defendant Progressive Casualty Insurance Company is a foreign corporation or other business entity organized under the laws of the State of Ohio and that has a principal place of business in the State of Ohio.

5. All events herein occurred in Jackson County, Alabama.

## COMPLAINT

6. Plaintiff avers that on or about October 2, 2023, she was lawfully operating her vehicle while traveling on Highway 35 in Jackson County, Alabama, when at said time and place, the vehicle driven by Nathan Lewis Anthony crashed into, upon, and against Plaintiff.

7. As a proximate consequence of the aforesaid negligence and/or wantonness on the part of Defendant Nathan Lewis Anthony, Plaintiff was injured and damaged. These injuries and damages include, but are not limited to, the following:

    A. Plaintiff suffered permanent injuries, was bruised, contused, and make sick and sore;
    B. Plaintiff was caused to seek medical attention in and about her efforts to heal and cure her injuries and will be caused to seek additional medical attention in the future;
    C. Plaintiff was caused to incur medical bills, hospital bills, and prescription expenses in and about his efforts to heal and cure her injuries and she will be caused to incur additional bills in the future;
    D. Plaintiff was caused to suffer physical pain and discomfort;
    E. Plaintiff was caused to suffer mental anguish, distress and embarrassment; and,
    F. Plaintiff has been caused to lose the ability to perform those activities of a woman her same age and will continue to do so in the future.

8. Plaintiff further avers that the aforesaid injuries and damages were proximately caused by the following culpable acts of the Defendants in that Defendants were negligent or wanton in the operation of a motor vehicle on the occasion of the incident made the basis of this suit.

## COUNT ONE

## (NEGLIGENCE)

9. Defendant Nathan Lewis Anthony, was under a duty to drive his

vehicle in a safe manner and to follow the rules of the road. The Defendant breached that duty when he failed to operate said vehicle safely and allowed his vehicle to collide with the Plaintiff's person.

10. As a direct and proximate result of said negligence, the Plaintiff has suffered extensive damages, including, but not limited to, property damage, lost wages, medical bills, pain and suffering, and permanent injuries.

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiff demands compensatory and punitive damages against the Defendants in an amount to be determined by the trier-of-fact, including interest, costs, attorney fees, and any such other and further relief this Court deems appropriate.

## COUNT TWO

### (WANTONNESS)

11. The Defendant Nathan Lewis Anthony has acted recklessly and in complete disregard for the health, safety, and welfare of the Plaintiff.

12. As a direct and proximate result of said wantonness and recklessness, the Plaintiff has suffered extensive damages, including, but not limited to, property, lost wages, medical bills, pain and suffering, and permanent injuries.

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiff demands compensatory and punitive damages against the Defendants in an amount to be

determined by the trier-of-fact, including interest, costs, attorney fees, and any such other and further relief this Court deems appropriate.

## COUNT THREE

### (UNDERINSURED/UNINSURED MOTORIST COVERAGE)

13. Plaintiff avers that at all times referred to herein she was insured under a policies of motor vehicle insurance by the Defendants, USAA Casualty Insurance Company ("USAA") and Progressive Casualty Insurance Company ("Progressive") whereby Defendants Progressive and Nationwide provided the Plaintiff with protection against bodily injury by underinsured/uninsured automobiles on the date of the occasion made the basis of this suit, for and in consideration of a premium paid by Defendants USAA and Progressive.

14. Plaintiff further avers that her injuries and damages hereinabove described, arose out of and were the proximate consequence of a collision with an underinsured/uninsured automobile as aforesaid, and that at the time of Plaintiff's said injuries and damages arising out of the collision with such underinsured/uninsured automobile, the aforesaid policies of insurance were in full force and effect and all premiums were paid according to the terms of said policies, and Plaintiff further avers that the Defendant has failed to pay for said bodily injuries and damages.

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiff demands compensatory and punitive damages against the Defendants in an amount to be determined by the trier-of-fact, including interest, costs, attorney fees, and any such other and further relief this Court deems appropriate.

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY.**

*/s/ W. Whitney Seals*
W. WHITNEY SEALS,
Attorney for the Plaintiff

**OF COUNSEL:**

**COCHRUN & SEALS, LLC**
P. O. Box 10448
Birmingham, AL 35202-0448
T: (205) 323-3900
F: (205) 323-3906
E: filings@cochrunseals.com

*/s/ Robert D. Dooley*
W. WHITNEY SEALS,
Attorney for the Plaintiff

**OF COUNSEL:**

**ROBERT SCOTT DOOLEY, P.C.**
118 18th Street North
Bessemer, AL 35020
T: (205) 795-7135
F: (205) 795-7136
E: robert@stonepatton.com

**Plaintiff'S Address:**
Ms. Kristy Hicks
c/o Plaintiff's Counsel
P.O. Box 10448
Birmingham, AL 35202

**PLEASE SERVE THE DEFENDANTS BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED AT THE FOLLOWING ADDRESSES:**

**Mr. Nathan Lewis Anthony**
1857 Liberty Parkway
Atlanta, GA 30318

**USAA Casualty Insurance Company**
c/o Registered Agent
Corporation Service Company, Inc.
641 South Lawrence Street
Montgomery, AL 36104

**Progressive Casualty Insurance Company**
c/o Registered Agent
C T Corporation System
2 North Jackson Street, Suite 605
Montgomery, AL 36104